**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen O'Bresley, et al., | No. CV-18-02553-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Farm Bureau Property & Casualty Insurance Company, et al., | |
| Defendants. | |

Plaintiffs Stephen and Carol O'Bresley initiated this action by filing a complaint in Maricopa County Superior Court on June 25, 2018. (Doc. 1-3 at 2.) Defendant Farm Bureau Property & Casualty Insurance Company subsequently removed the action to federal court, asserting subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Before the Court is Plaintiffs' motion to remand (Doc. 14), which is fully briefed (Docs. 15, 18).[1] For the reasons stated below, the motion is granted.[2]

**I. Background**

Plaintiffs are the insureds under a homeowners' insurance policy issued by Defendant. (Doc. 1-3 at 2-3.) Plaintiffs allege that their home suffered fire- and smoke-

---

[1] Also before the Court is Defendant's motion for leave to file a surreply (Doc. 20), which is denied because, in reaching its decision on the motion to remand, the Court has not relied on any of the allegedly new arguments raised by Plaintiffs in their reply memorandum.

[2] Defendant's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

related damage in June 2017. (*Id.* at 4.) They contend that the smoke damage and related losses are covered under the homeowners' insurance policy, but that Defendant unreasonably handled their claim. (*Id.*) Plaintiffs assert claims against Defendant for breach of contract and breach of the covenant of good faith and fair dealing. (*Id.* at 8-9.) They also seek to compel an appraisal. (*Id.* at 9-10.) The amount in controversy is not apparent from the face of the complaint, but Plaintiffs seek general and special damages, including compensatory damages, damages for funds still owing under the homeowners' insurance policy, damages for mental and emotional distress, punitive damages, as well as attorneys' fees and costs. (*Id.* at 11.)

Along with the complaint, Plaintiffs filed a Certificate Regarding Compulsory Arbitration (Doc. 1-4) and an Offer of Judgment letter (Doc. 1-7). The Certificate Regarding Compulsory Arbitration certified that Plaintiffs' claims are not subject to compulsory arbitration under Arizona law because the amount in controversy exceeds $50,000. (Doc. 1-4.) The Offer of Judgment requested $74,000 "inclusive of all damages, all taxable court costs, all interest, and all attorneys' fees." (Doc. 1-7 at 2-3.)

Plaintiffs served the summons, complaint, Certificate Regarding Compulsory Arbitration, and Offer of Judgment letter via service on Defendant's designated statutory agent, the Arizona Department of Insurance ("ADOI"), on July 10, 2018. (Doc. 14 at 2.) On July 13, 2018, Defendant received the documents. (Doc. 1 at 2.) On August 10, 2018, Defendant removed the matter to this Court. (Doc. 1.)

**II. Legal Standard**

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed by the defendants to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). Although the statutory time limit for removal petitions is procedural, not jurisdictional, the time limit nonetheless is mandatory and a timely objection to a late notice of removal will defeat removal. *See*

*Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

When removal is based on diversity jurisdiction, complete diversity among parties must exist and the matter in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If the complaint does not demand a specific dollar amount, the defendant "must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Doing so requires more than "conclusory allegations," *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); a removing defendant must offer evidence that it is "more likely than not" that the amount in controversy exceeds $75,000, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A case will be remanded "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III. Discussion**

It is undisputed that Plaintiffs are citizens of Arizona and Defendant is an Iowa corporation with its principal place of business in West Des Moines, Iowa. (Doc. 1 at 3.) Plaintiffs argue, however, that Defendant untimely noticed its removal and, alternatively, that the amount in controversy does not exceed $75,000. (Doc. 14.)

**A. Timeliness of Removal**

Pursuant to A.R.S. § 20-221(B), Plaintiffs were required to serve Defendant through the ADOI. The parties dispute whether the 30-day clock for removal began to run when Plaintiffs served process on the ADOI, or when the ADOI forwarded the pleadings to Defendant three days later. (Doc. 14 at 3; Doc. 15 at 2.)

Under § 1446(b), the 30-day removal period begins to run "after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). In enacting this provision, Congress intended to safeguard defendants from not having "access to the complaint before commencement of the removal period." *See Befort v. Farm Bureau Prop. & Cas. Ins. Co.*, No. CV-18-02564-PHX-RM, 2018 WL 5792339, at *2 (D. Ariz. Nov. 5, 2018) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

351-52 (1999)). Consistent with this purpose and with other district court decisions within the Ninth Circuit, the Court concludes that the removal period begins to run from the date a defendant actually receives the complaint, not merely from the date of service upon a statutory agent. *See Befort*, 2018 WL 5792339, at *2; *see also Torres v. Transguard Ins. Co. of Am., Inc.*, No. CV-13-01578-PHX-ROS, 2013 WL 12112576, at *2 (D. Ariz. Oct. 8, 2013).

Here, Plaintiffs served process on the ADOI on July 10, 2018. Defendant, however, did not receive the pleadings from the ADOI until July 13, 2018. The removal period was not triggered until that later date, rendering Defendant's notice of removal timely.

### B. Amount in Controversy

To prove that the amount in controversy exceeds $75,000, Defendant relies on five pieces of evidence. (Doc. 15 at 7-11.) First, Plaintiffs served on Defendant a $74,000 Offer of Judgment, which Defendant did not accept. (*Id.* at 12.) Second, Plaintiffs certified that the claim is not subject to compulsory arbitration because the amount in controversy exceeded $50,000. (*Id.* at 6.) Third, Plaintiffs, through a Sworn Statement in Proof of Loss, have claimed $49,287.92 in insurance benefits. (*Id.*) Fourth, Defendant posits that punitive damages could "easily exceed the $75,000 threshold." (*Id.* at 8-9.) Finally, Plaintiffs have requested attorneys' fees, which Defendant claims will likely increase the amount in controversy above $75,000. (*Id.* at 9.) Having considered this evidence, the Court is not persuaded that the amount in controversy exceeds the jurisdictional threshold.

First, a "certificate regarding compulsory arbitration does nothing more than establish that the amount in controversy is likely more than $50,000." *See Ferguson v. First Am. Specialty Ins. Co.*, No. CV 09–01581–PHX–JAT, 2009 WL 4154653, at *3 (D. Ariz. Nov. 23, 2009). The certificate does not show that the amount in controversy exceeds $75,000. *See Welsh v. N. H. Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012).

Next, an offer of judgment is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiffs' Offer of Judgment demonstrates that, at the time of removal, they were willing to settle their case for $74,000. More importantly, Defendant rejected Plaintiffs' offer, implying Defendant believed it could resolve the case for less than $74,000. Accordingly, the Offer of Judgment reasonably reflects that the parties value Plaintiffs' claim at less than the jurisdictional threshold amount. *See Befort*, 2018 WL 5792339, at *3 (considering defendant's failure to accept $74,000 offer of judgment in remanding case to state court); *Brown v. Bankers Life & Cas. Co.*, No. CV-09-1459-PHX-GMS, 2009 WL 2914215, at *4 (D. Ariz. Sept. 8, 2009) (considering defendant's rejection of $70,000 offer of judgment in holding amount in controversy requirement not satisfied).

Lastly, Defendant's arguments concerning the value of Plaintiffs' "other compensatory damages," punitive damages, and attorneys' fees are too speculative to support removal. *See, e.g.*, *Ferguson*, 2009 WL 4154653, at *3 (finding that $63,954.96 estimate of property damage, even in light of other damages, was insufficient to establish jurisdictional requirement). Although these other categories of damages may be considered when determining the amount in controversy, Defendant presents no evidence that these other damages more likely than not will increase the amount in controversy above $75,000.

**IV. Conclusion**

Defendant has not met its burden to show that the amount in controversy exceeds the jurisdictional requirement of $75,000. The evidence suggests that the amount in controversy exceeds $50,000, but is not greater than $74,000. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 14) is **GRANTED**. Upon remand, the Clerk of the Court is directed to terminate this case.

//

//

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a surreply (Doc. 20) is **DENIED**.

Dated this 20th day of November, 2018.

_____
Douglas L. Rayes
United States District Judge